IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

March 24, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

STATE OF TENNESSEE ) HAMILTON COUNTY
DEPARTMENT OF CHILDREN'S ) 03A01-9807-JV-00218
SERVICES )
)
Petitioner-Appellee )
)
v. ) HON. SUZANNE BAILEY,
) JUDGE
JENNIFER KOBEL and )
THOMAS KYLE CLAYTON )
)
Respondents ) AFFIRMED AND REMANDED


JOHN G. McDOUGAL OF CHATTANOOGA FOR AP

PAUL G. SUMMERS, Attorney General and
DIMOND, Assistant Attorney General, NA


O P I N I O N


Goddard, P.J.


In this suit the State of Tenness

Children's Services filed a petition t

rights of Jennifer Kobel[1] and Thomas Ky

Seth Thomas Isaiah Kobel, who was born

---

[1] Mr. Clayton appeared and advised the Tria
contest the petition.

In the judgment of termination th

the following facts:

That the petition filed by the Stat
Department of Children's Services,
should be sustained and relief gran
the causes as therein stated in tha
has been in the custody of Petition
(6) months; that the conditions whi
child's removal still persist; that
likelihood that said conditions wil
early date so that the child can be
parent in the near future; that the
legal parent and child relationship
the child's chances of early integr
and permanent home; that the Defend
and Thomas Kyle Clayton, have faile
substantial manner on the reasonabl
of the Foster Care Plan; that the D
and Thomas Kyle Clayton, have willf
child for more than four (4) consec
preceding the filing of the petitio
it is, therefore, for the best inte
child and the public that all of th
the Defendants to the said child be
and that the complete custody, cont
of the said child should now be awa
Tennessee, Department of Children's
right to place said child for adopt
to any adoption in loco parentis.

In the course of the Trial Judge'

opinion, she made the following findin

evaluation of the evidence and witness

particularly significant as it relates

attempting to excuse her conduct:

THE COURT: I tell just about ever
in this seat that you are now occ
Kobel, that I don't think, despit
that I hear from the standpoint o
by their parents, whether they've
otherwise molested in some way, o

2

who sit in this courtroom charged
All these are very serious cases,
serious than that of a parent app
with the State of Tennessee or ot
seeking to terminate their rights
permanent situation.  In the even
termination is decreed and an ord
declaring the parents' rights ter
forever type situation.

And that's one reason why I so
hang pretty much on every word th
in here.  I'll look for not only
the parent when they testify, the
other witnesses.  I look at the e
I look at their demeanor.  I look
reactions to the testimony.  It's
that I feel everything that's sai
has to be at least weighed and co
very, very carefully because of t
nature of these proceedings.

Our review of the record and the
that this is an appropriate case for a
of this Court.

For the foregoing reasons the jud
Court is affirmed and the cause remand
proceedings, if any, as may be necessa
below.  Costs of appeal are adjudged a

_____
Houston M. Goddard, P.J

3

C O N C U R :


_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
C h a r l e s   D .   S u s a n o ,   J r . ,   J .


_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
William H. Inman, Sr.J.